UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TRUSTEES OF MICHIGAN STATE
PAINTERS FUND,

    Plaintiff,

v.

LARGE COMPANY, INC. and THOMAS P.
LARGE,

    Defendants.

Hon. Paul L. Maloney

Case No. 1:24-cv-00735

**REPORT AND RECOMMENDATION**

On March 27, 2025, the Honorable Paul L. Maloney granted the parties' stipulation: (1) allowing defense counsel to withdraw; (2) staying the case for 30 days to allow Defendants to retain new counsel; (3) extending all case deadlines by 60 days following expiration of the 30-day stay; and (4) adjourning the then-scheduled early settlement conference for 45 days. (ECF No. 29.) The early settlement conference was rescheduled from March 26, 2025, to May 19, 2025. (ECF No. 30.) Plaintiff's counsel mailed both orders to Defendants and filed a certificate of service. (ECF No. 31.)

On April 15, 2025, Plaintiff filed a motion for Defendants Large Company, Inc. and Thomas P. Large to show cause for failure to comply with the March 27, 2025 Order granting them 30 days to retain counsel and/or for Defendant Thomas P. Large's failure to file an appearance *in pro per*. (ECF No. 32.) Defendants failed to timely respond to the motion. The motion was referred to me on May 15, 2025.

On May 15, 2025, my Case Manager emailed Defendant Large, reminding him of the settlement conference, advising him that his settlement conference letter was due on May 14, 2025,

and sending him the videoconference connection information filed at ECF No. 33. Defendant Large failed to respond or appear for the May 19, 2025 Early Settlement Conference. (ECF No. 34.)

As such, I recommend that the Court **grant** Plaintiff's Motion for Order to Show Cause (ECF No. 32) and direct the clerk to enter a default against Defendants. I further recommend that, upon entry of default, the Court direct Plaintiff to move for entry of a default judgment based on Defendants' failure to comply with the orders and directives of the Court. *See Leonard v. RDLG, LLC* (*In re Leonard*), 644 F. App'x 612, 618 (6th Cir. 2016) ("Just as due process is not violated by the entry of a default-judgment sanction for a defendant's bad-faith refusal to cooperate with discovery, neither is it violated when a default order issues in response to willful noncompliance with pretrial orders and a sanction order." (internal citation omitted)); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("Default procedures, of course, provide a useful remedy when a litigant is confronted by an obstructionist adversary. Under such circumstances those procedural rules play a constructive role in maintaining the orderly and efficient administration of justice."); *Dell, Inc. v. Advicon Computer Servs., Inc.*, No. 06–11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) ("[I]t is well-established that a federal court has the inherent authority to . . . enter default judgment . . . based on a party's failure to obey court orders in general . . . when the circumstances warrant as much."), *aff'd Dell, Inc. v. Elles*, No. 07–2082, 2008 WL 4613978 (6th Cir. June 10, 2008).

Dated: May 19, 2025                                   /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).